IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| QUANTANA HARRIS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:20-CV-029-P |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Quantana Harris, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## I. BACKGROUND

On August 30, 2013, in the 297th District Court of Tarrant County, Texas, Case No. 1317835R, Petitioner pleaded guilty to one count of aggravated assault of a family member with a weapon and one count of aggravated robbery with a deadly weapon and pleaded true to the habitual offender notice in the indictment, and the trial court sentenced him to 60 years' confinement on each count. Clerk's R. 148, 153, ECF No. 18-5. Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial's court

judgments on November 26, 2014. Mem. Op. 2, ECF No. 18-1. Petitioner did not file a petition for discretionary review. Pet. 3, ECF No. 1; Resp't's Answer, Ex. A, ECF No. 17. On May 23, 2019, Petitioner filed a state habeas application challenging his convictions, which was denied by the Texas Court of Criminal Appeals on November 27, 2019, without written order on the findings of the trial court.[1] SHR[2] 18 , ECF No. 18-13 & Action Taken, ECF No. 18-12. This federal habeas petition challenging his convictions was filed on December 26, 2019.[3] Pet. 10, ECF No. 1. Petitioner raises five grounds for relief alleging ineffective assistance of trial counsel and a due process violation. *Id.* at 6-7a. Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Answer 5-9, ECF No. 17.

## II. LEGAL DISCUSSION

### A. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on

---

[1] Typically, a prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not state the date he placed the document in the prison mailing system and, although he signed the document on August 16, 2018, it was not received by the trial court clerk for filing until May 23, 2019. Due to the unexplained delay, Petitioner is not given the benefit of the mailbox rule. The Court notes, however, that even if the Court applied the rule, the result would be the same.

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-90,606-01.

[3] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the federal petition, Petitioner asserts that the document was placed in the prison mailing system on December 26, 2019. Pet. 10, ECF No. 1. As such, the petition is deemed filed on that date.

federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

>  (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period commenced on the date on which Petitioner's judgments of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgments became final on December 26, 2014, upon expiration of the time

3

that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, and expired one year later on Monday, December 28, 2015.[4] *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before December 28, 2015, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, filed after limitations had already expired, did not operate to toll limitations. *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not assert, and there is no evidence in the record, that he was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual-innocence exception.

Instead, he merely asserts that he "is a mentally ill prisoner who had to acquire the aid of a jail house lawyer to assist him." Pet. 9, ECF No. 1. While mental illness may support equitable tolling of the limitations period, it does not do so as a matter of course and the

---

[4]December 26, 2015, was a Saturday.

petitioner still bears the burden of proving rare and exceptional circumstances. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999); *Smith v. Kelly,* 301 F. App'x 375, 378, 2008 WL 5155222, at *3 (5th Cir. 2008). Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Smith,* 301 F. App'x at 378, 2008 WL 5155222 at *3. The mental illness must render the petitioner unable to pursue his legal rights during the relevant time period. *Id.* Petitioner has submitted nothing to demonstrate that, during the one-year period, he suffered from a mental illness that prevented him from pursing his legal rights, namely timely filing his § 2254 petition.

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before December 28, 2015. His petition filed on December 26, 2019, is therefore untimely.

### III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 10th day of July, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE